UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONNA DANIELS | ) | CASE NUMBER: |
|    Plaintiff | ) | |
| | ) | |
| v. | ) | COMPLAINT - |
| | ) | JURY TRIAL |
| GLOBAL VANTEDGE, INC. | ) | DEMANDED |
|    Defendant | ) | |
| | ) | |

## I.  INTRODUCTION

1.  This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency.  This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*. ("CUTPA").

## II.  PARTIES

2.  The Plaintiff, Donna Daniels, is a natural person residing in Wallingford, Connecticut.

3.  The Defendant, Global Vantedge, Inc. ("Global"), is a debt collector incorporated in Delaware and with principal places of business in California an India.  The Defendant uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts.

## III.  JURISDICTION

4.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

5. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the harassment that is the subject of this litigation was conducted within this State.

## IV.  **FACTUAL ALLEGATIONS**

6. Paragraphs 1-5 are herein incorporated.

7. In August, 2005, Ms. Daniels received a telephone call from Global regarding collection of an alleged American Express credit card debt.

8. Ms. Daniels informed Global that she disputed that she owed the debt, explaining that her account was not past due.

9. In response, Global was rude and threatening, and its representative convinced Daniels to make full payment of the alleged debt.  She gave Global the number of another credit card account and Global charged this other account $2,107.34.

10. Ms. Daniels subsequently received her American Express bill and saw that not only was she not in default, but that the $2,107.34 payment was not credited to her account.

11. Ms. Daniels immediately called Global to demand reimbursement of the payment. Global informed her that they would credit her the amount paid, and encouraged her to "be patient" while they processed the credit.

12. Between October and December, 2005, Ms. Daniels made approximately 20 calls to Global to demand the credit.  Global informed her that it had credited her payment to another individual's American Express bill.  Global instructed Ms. Daniels to discuss the matter with American Express.

13. To date, Ms. Daniels has not received reimbursement from Global.

14. Ms. Daniels never received anything in writing from Global.

## V.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.***

15. Paragraphs 1-14are herein incorporated.

16. Global engaged in false, deceptive, and misleading acts in its communications with Ms. Daniels by misrepresenting the character, amount or legal status of the debt when it informed her she owed over $2,000 on her American Express bill when she did not, in violation of 15 U.S.C. §1692e(2).

17. Global engaged in additional false, deceptive and misleading acts when it made false representations in order to collect the debt, in violation of 15 U.S.C. §1692e(10).

16. Further, Global's acts constitute the collection of an amount not authorized by the agreement creating the account, in violation of 15 U.S.C. §1692f(1).

17. Global failed to provide, within five days of its initial contact with Ms. Global, a written notice as required by 15 U.S.C. §1692g.

18. For Defendant's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages, statutory damages of $1,000.00 and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### SECOND CAUSE OF ACTION
**Violation of the Connecticut Unfair Trade Practices Act,
Conn. Gen. Stat. § 42-110a *et seq.***

19. Paragraphs 1-18 are herein incorporated.

20. Global's actions in charging Ms. Daniels for a debt that was not hers constituted an unfair means to attempt to collect a debt.  Ms. Daniels sustained an ascertainable loss as a result of Global's acts in that she paid $2,107.34 even though she did not owe a debt.

21. Global's threats to Ms. Daniels were unfair and unconscionable and were made purely to induce payment and in disregard of Ms. Daniels's dispute that she owed the debt. These threats did induce her to make payment on the debt.

22. Global's acts as described above constitute unfair business practices in violation of CUTPA.

23. For Global's violations of CUTPA, Ms. Daniels seeks her actual damages, punitive damages and attorney's fees and costs.

WHEREFORE, the Plaintiff seeks recovery of monetary damages; actual damages pursuant to 15 U.S.C. § 1692k; costs and attorney's fees pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g(d), and such other relief as this Court deems appropriate.

PLAINTIFF, DONNA DANIELS

By: _____
Sarah Poriss, Fed. Bar. No. ct24372
sporiss@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408
Fax (860) 571-7457